IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00141-GPG

JONATHAN N. ESTES,

    Applicant,

v.

T. G. WERLICH, Warden,
M. D. CARVAJAL, Complex Warden,
RICK RAEMISCH, Director of C.D.O.C., and
CYNTHIA COFFMAN[1], Attorney General of the State of Colorado,

    Respondents.

---

ORDER TO FILE PRE-ANSWER RESPONSE

---

Applicant is a prisoner at a federal prison in Louisiana. Applicant has filed *pro se* on February 8, 2016, an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 9) challenging the validity of his conviction in Denver, Colorado, District Court case number 05CR674. As part of the preliminary consideration of the Application and pursuant to *Denson v. Abbott*, 554 F. Supp.2d 1206 (D. Colo. 2008), the Court has determined that a limited Pre-Answer Response is appropriate. Therefore, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, Respondents Rick Raemisch and Cynthia Coffman ("the Colorado Respondents") will be directed to file a Pre-Answer Response. Respondents T. G. Werlich and M. D. Carvajal are not required to file a Pre-Answer Response.

The Colorado Respondents are directed to address in their Pre-Answer Response

---

[1] Cynthia Coffman, the current Attorney General for the State of Colorado, is substituted for former Colorado Attorney General John Suthers.

the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).   If the Colorado Respondents do not intend to raise either of these affirmative defenses, the Colorado Respondents must notify the Court of that decision in the Pre-Answer Response.   The Colorado Respondents may not file a dispositive motion as the Pre-Answer Response, or an Answer, or otherwise address the merits of the claims in response to this Order.

In support of the Pre-Answer Response, the Colorado Respondents should attach as exhibits all relevant portions of the state court record, including but not limited to copies of all documents demonstrating whether this action is filed in a timely manner and/or whether Applicant has exhausted state court remedies.

Applicant may reply to the Pre-Answer Response and provide any information that might be relevant to the one-year limitation period under 28 U.S.C. § 2244(d) and/or the exhaustion of state court remedies.   Applicant should include any information relevant to equitable tolling, specifically as to whether he has pursued his claims diligently and whether some extraordinary circumstance prevented him from filing a timely 28 U.S.C. § 2254 action in this Court, and any information relevant to overcoming a procedural default, such as cause and prejudice or the existence of a fundamental miscarriage of justice.   Accordingly, it is

ORDERED that **within twenty-one (21) days from the date of this Order** the Colorado Respondents shall file a Pre-Answer Response that complies with this Order. It is

FURTHER ORDERED that **within twenty-one (21) days of the filing of the Pre-Answer Response** Applicant may file a Reply, if he desires.   It is

FURTHER ORDERED that if the Colorado Respondents do not intend to raise

either of the affirmative defenses of timeliness or exhaustion of state court remedies, the Colorado Respondents must notify the Court of that decision in the Pre-Answer Response.

DATED February 10, 2016, at Denver, Colorado.

BY THE COURT:

s/ Gordon P. Gallagher
United States Magistrate Judge