IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00141-GPG

JONATHAN N. ESTES,

      Applicant,

v.

T. G. WERLICH, Warden,
M. D. CARVAJAL, Complex Warden,
RICK RAEMISCH, Director of C.D.O.C., and
CYNTHIA COFFMAN, Attorney General of the State of Colorado,

      Respondents.

---

## ORDER DRAWING CASE

---

Applicant, Jonathan N. Estes, is a prisoner at a federal prison in Louisiana.   Mr. Estes has filed *pro se* on February 8, 2016, an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 9) challenging the validity of his conviction in Denver, Colorado, District Court case number 05CR674.   He asserts a number of claims that counsel was ineffective.

On February 10, 2016, the court ordered Respondents Rick Raemisch and Cynthia Coffman ("the Colorado Respondents") to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if the Colorado Respondents intend to raise either or both of those defenses in this action.   On March 8, 2016, the Colorado Respondents filed their Pre-Answer Response (ECF No. 20) arguing that all of Mr. Estes' claims are procedurally defaulted.   However, the Colorado

Respondents assert that no determination can be made as to whether Mr. Estes can establish an exception to the procedural default doctrine under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), or on the basis of actual innocence without the state court record. Therefore, the Colorado Respondents also have filed a Motion for Order Directing Respondents to Provide State Court Record and to Respond Within Thirty Days of Its Receipt (ECF No. 21).

On March 18, 2016, Mr. Estes filed a "Motion for Evidentry [sic] Hearing to Develope [sic] Martinez Claim to Show Cause and Prejudice for the Applicant's Procedural Default" (ECF No. 22) and on March 21, 2016, he filed his "Reply to Respondent's [sic] Pre-Answer Response and Objection to Respondent's [sic] Request for Record" (ECF No. 23).   Mr. Estes objects to the Colorado Respondents' motion for an order to submit the state court record because he believes the state court record includes privileged attorney/client information.

In *Martinez*, the Supreme Court held that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* at 1320.   Because the *Martinez* exception is limited to substantial claims that counsel was ineffective, "the prisoner must demonstrate that the claim has some merit." *Id.* at 1319. Similarly, the actual innocence exception requires an applicant to show that, considering new reliable evidence along with the evidence of guilt presented at trial, no reasonable

2

jury would have convicted.   *See House v. Bell*, 547 U.S. 518, 537-38 (2006).

The record before the court at this time is insufficient to determine whether any exception to the procedural default doctrine may apply.   Therefore, the court will defer consideration of the affirmative defense raised by the Colorado Respondents until the state court record is submitted to the court and Respondents have filed an Answer. Pursuant to D.C.COLO.LCivR 8.1(b), the case will be drawn to a presiding judge and, if applicable, to a magistrate judge.   *See* D.C.COLO.LCivR 8.1(c).   Accordingly, it is

ORDERED that the clerk of the court substitute Cynthia Coffman as Respondent for John Suthers in the court's docketing records.   It is

FURTHER ORDERED that Colorado Respondents' Motion for Order Directing Respondents to Provide State Court Record and to Respond Within Thirty Days of Its Receipt (ECF No. 21) is granted.   It is

FURTHER ORDERED that Applicant's "Motion for Evidentiary Hearing to Develop [sic] Martinez Claim to Show Cause and Prejudice for the Applicant's Procedural Default" (ECF No. 22) is denied.   It is

FURTHER ORDERED that, within **thirty (30) days from the date of this order** the Colorado Respondents shall file with the Clerk of the Court, in electronic format if available, a copy of the complete record of Applicant's state court proceedings in Denver District Court case number 05CR674, including all documents in the state court file and transcripts of all proceedings conducted in the state court and any physical evidence that is relevant to the asserted claims.   It is

FURTHER ORDERED that within **thirty (30) days from the date the state court**

**record is provided to the Court**, the Colorado Respondents shall file an Answer

conforming to the requirements of Rule 5 of the Rules Governing Section 2254 Cases in

the United States District Courts.   It is

FURTHER ORDERED that within **thirty (30) days from the date the Colorado**

**Respondents file an Answer, A**pplicant may file a Reply if he desires.   It is

FURTHER ORDERED that this case shall be drawn to a presiding judge and, if

applicable, to a magistrate judge.   It is

FURTHER ORDERED that the Clerk of the Court send copies of this order to the

clerk of the state court from which the case originated and to the CPR Unit Manager,

Office of the State Court Administrator, by United States mail, first class postage prepaid,

at the following addresses:

Clerk of the Court
Denver County District Court
1437 Bannock Street, Suite 256
Denver, Colorado 80202;

CPR Unit Manager
Office of the State Court Administrator
1300 Broadway, Suite 1200
Denver, Colorado   80203.

DATED March 25, 2016, at Denver, Colorado.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge

4