IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00141-WJM-MEH

JONATHAN N. ESTES,

      Petitioner,

v.

T. G. WERLICH,
M. D. CARVAJAL,
RICK RAEMISCH, and
CYNTHIA COFFMAN,

      Respondents.

_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

_____

**Michael E. Hegarty, United States Magistrate Judge**.

      Before the Court is an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [filed February 8, 2016; ECF No. 9] and Petitioner's Request for Oral Argument and for the Court to Appoint Counsel [filed December 30, 2016; ECF No. 70].  Petitioner alleges he is entitled to relief, because his trial counsel was ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984).  On March 31, 2016, Respondents filed an Answer to Petitioner's Application.  After Petitioner filed his Reply, the Honorable William J. Martinez referred the case to this Court for issuance of a report and recommendation.  ECF No. 55.  The Court finds that oral argument or an evidentiary hearing will not assist it in the adjudication of the Application and, thus, Petitioner's request for oral argument will be denied.  Because the Court holds that some of Petitioner's unexhausted claims are not clearly barred by a Colorado procedural rule, the Court recommends denying Petitioner's Application for failure to exhaust state remedies, and staying the case until

Petitioner has asserted his claims in state court.[1]

## BACKGROUND

In 2006, a jury in the Denver District Court convicted Petitioner of attempted first degree murder and attempted robbery. Am. Appl. for Writ of Habeas Corpus 1–2, ECF No. 9. After Petitioner's direct appeals concluded on May 17, 2010, Petitioner filed a timely application for collateral review in state court under Colo. R. Crim. P. 35(c). Public Documents 288–95. The district court appointed counsel for Petitioner, who amended the application and alleged ineffective assistance of trial counsel based on counsel's failure to introduce relevant evidence, conflict of interest, and failure to raise the marital privilege. *Id.* at 309–20.

After the district court held an evidentiary hearing, but while the application was still pending, Petitioner filed a letter and supplemental, which requested a supplemental evidentiary hearing on additional claims for ineffective assistance of trial counsel. *Id.* at 373–91. Petitioner claimed he was entitled to a rehearing, because his postconviction counsel was ineffective for failing to raise his newly-asserted claims. *Id.* Additionally, Petitioner's postconviction counsel acknowledged to the district court that she provided ineffective assistance by missing a critical piece

---

[1]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual and legal findings of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).

of evidence, which would have led her to pursue different claims. Public Documents 438–39.

On April 28, 2012, the district court denied Petitioner's Rule 35(c) application and his request for a rehearing without analyzing the merits of Petitioner's ineffective-assistance-of-postconviction-counsel claim. ECF No. 20-13; Public Documents 455–61. The Colorado Court of Appeals affirmed the district court's decision on June 19, 2014. ECF No. 20-10. The court held that the district court did not err when it denied Petitioner's request for a rehearing, because Petitioner's request raised ineffective-assistance-of-postconviction-counsel issues, which can be determined only after the conclusion of initial postconviction relief proceedings. *Id.* at 9. Because the Court had not decided Petitioner's postconviction appeal, Petitioner's claim was not yet proper. *Id.*

After the Colorado Supreme Court denied certiorari, Petitioner filed the present Application on February 8, 2016. Am. Appl. for Writ of Habeas Corpus, ECF No. 9. Petitioner's Application asserts five claims for ineffective assistance of trial counsel: (1) failure to interview or call critical witnesses at trial, (2) failure to effectively cross examine witnesses' testimony and correct false testimony, (3) failure to object to prejudicial and inadmissible evidence or request a limited-purpose jury instruction, (4) failure to object when the prosecution did not present a witness it said would testify, and (5) pretrial counsel's conflict of interest stemming from the public defenders' concurrent representation of an alternative suspect. *Id.* at 12–17.

Respondents filed an Answer to Petitioner's Application on March 31, 2016. Answer to Am. Appl. for Writ of Habeas Corpus, ECF No. 47. Respondents assert that although Petitioner has not exhausted his present claims for ineffective assistance of trial counsel, the claims are procedurally barred by two provisions of Colorado law: Colorado's three-year statute of limitations on felony postconviction collateral attacks and Colorado's prohibition on claims that a petitioner could have

presented in an earlier motion. *Id.* at 8–9. According to Respondents, because Petitioner cannot establish cause and actual prejudice for the procedural default, the Court should deny his Application. *Id.* at 13–55.

Petitioner filed a Reply in Support of his Application on June 20, 2016. Reply, ECF No. 49. Petitioner acknowledges that his claims are procedurally defaulted, but argues that he can establish cause and prejudice. *Id.* Petitioner claims the actual innocence exception entitles him to review on the merits, because witnesses have submitted affidavits to the court attesting to his innocence. *Id.* at 1–2. Additionally, Petitioner asserts he can establish cause under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), because his ineffective-assistance claims are substantial and his postconviction counsel was ineffective. Reply 2–14.

After an initial review of the issues in Petitioner's Application, the Court requested supplemental briefing on whether Colorado law would procedurally bar Petitioner from asserting his claims in a subsequent postconviction petition. Order Requesting Suppl. Briefing, ECF No. 68. The Court acknowledged that the procedural rules Respondents asserted apply to Petitioner's claims. *Id.* at 4. However, the Court noted that both procedural bars contain exceptions, which the parties did not discuss in their briefs. *Id.* at 3–5. The Court requested briefing on whether ineffective assistance of postconviction counsel satisfies any of these exceptions.

On December 27, 2016, Petitioner filed his supplemental brief. Pet'r's Suppl. Br., ECF No. 69. Petitioner argues the Court should not require him to return to state court, because *Martinez* does not require exhaustion of postconviction-counsel claims. *Id.* at 2–3. Additionally, Petitioner asserts Colorado courts would not excuse his failure to raise the present ineffective-assistance claims in a successive postconviction petition that he filed before he appealed his initial petition. *Id.* at 5.

4

Respondents filed their supplemental brief on January 3, 2017. Resp'ts' Suppl. Br., ECF No. 72. Respondents assert the Court should first analyze whether Petitioner has stated a successful *Martinez* claim,[2] because Colorado courts will not find justifiable excuse for failure to assert his ineffective-assistance-of-trial-counsel claims unless his postconviction counsel was ineffective. *Id.* at 4. However, Respondents acknowledge that if Petitioner has asserted a meritorious *Martinez* claim, "his underlying trial-counsel claims are not 'clearly' procedurally barred in state court, because there is some arguable merit to the notion that he is entitled to a reinstated postconviction hearing." *Id.*

Therefore, after full briefing of Petitioner's Application, the issues pending before the Court are whether Colorado procedural law would prevent Petitioner from raising his unexhausted ineffective-assistance claims in state court, and if so, whether Petitioner has established cause and prejudice for his procedural default under the actual innocence exception or *Martinez*. The Court may address the merits of Petitioner's claims only if they are procedurally barred from state-court review and Petitioner has established cause and prejudice for the procedural default.

## LEGAL STANDARDS

Exhaustion of available and adequate state court remedies is a prerequisite to habeas corpus applications in federal court. 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509 (1982). Generally, state remedies are not exhausted until the highest state appellate court has had an opportunity to

---

[2] As discussed in more detail below, a successful *Martinez* claim requires a petitioner to show that his postconviction counsel was ineffective and that "the underlying ineffective-assistance-of-trial-counsel claim is a substantial one . . . ." *Martinez v. Ryan*, 132 S. Ct. 1309, 1318 (2012).

consider the merits of the claim. *See Pitchess v. Davis*, 421 U.S. 482 (1975); *Qureshi v. Diesslin*, 654 F. Supp. 555 (D. Colo. 1987). However, a Colorado statute states that federal courts may consider a claim exhausted if it has been fairly presented to the Colorado Court of Appeals; it need not be raised to the Colorado Supreme Court. Colo. App. R. 51.1; *Garrett v. Werholtz*, No. 13-cv-001379-MSK, 2013 WL 5289570 (D. Colo. Sept. 18, 2013). Because of the "'strong presumption' in favor of requiring exhaustion of state remedies," federal habeas courts should require exhaustion if available state remedies might exist. *See Anderson v. Sirmons*, 476 F.3d 1131, 1137 (10th Cir. 2007).

However, where requiring a petitioner to exhaust his state remedies would be futile because it is clear that an independent and adequate state procedural rule would bar the petitioner's claims, federal habeas courts should not require the petitioner to return to state court. *See id.* at 1137–38; *Castille v. Peoples*, 489 U.S. 346, 351 (1989) (stating that anticipatory procedural default applies only "if it is clear that [the] claims are now procedurally barred under [state] law"). A state procedural rule "is independent if it is separate and distinct from federal law." *Maes v. Thomas*, 46 F.3d 979, 985 (10th Cir. 1995). A rule is adequate if it has been applied evenhandedly "in the vast majority of cases." *Id*. If the rule is adequate and independent, federal courts must treat the claim as procedurally defaulted. *Id.* If a claim is procedurally defaulted, courts cannot review the merits of the claim unless the petitioner shows "cause and prejudice" for failing to raise the claim in state court. *See, e.g.*, *Francis v. Henderson*, 425 U.S. 536, 543 (1976).

## ANALYSIS

It is undisputed that Petitioner has not exhausted his claims, because he has not presented the Colorado Court of Appeals with the ineffective-assistance-of-trial-counsel claims he asserts in

the present Application.  Am. Appl. 3 ("All claims were not presented to the states highest court due

to errors caused by initial-collateral-review counsel."); Answer 12 ("A review of the ineffective-

assistance claims [Petitioner] presented on postconviction appeal confirms that he did not present

the state's appellate courts with the arguments he raises in the instant application.").  Therefore,

Petitioner must return to state court unless a procedural rule would prevent him from doing so.

*Anderson v. Sirmons*, 476 F.3d 1131, 1137 (10th Cir. 2007).

Having considered the arguments presented by the parties in their original and supplemental

briefs, the Court recommends finding that Colorado law would not clearly bar Petitioner from

returning to state court to present his first four ineffective-assistance claims.  Petitioner's last claim,

which alleges conflict of interest, is likely procedurally barred, and thus, technically exhausted.

However, because Petitioner's conflict-of-interest claim is part of a mixed petition, the Court cannot

consider the merits of the claim.  *See Snyder v. Ortiz*, 288 F. App'x 505, 509 (10th Cir. 2008); *Rose*

*v. Lundy*, 455 U.S. 509, 522 (1982).  The Court may either dismiss the claim without prejudice or

stay the case until Petitioner exhausts his first four claims.  *Rhines v. Weber*, 544 U.S. 269, 279

(2005).  The Court will first address whether Petitioner's first four ineffective-assistance claims are

procedurally defaulted.  The Court will then analyze whether Petitioner's conflict-of-interest claim

is procedurally barred, and if so, whether it would be proper to dismiss it without prejudice or stay

the case pending exhaustion of Petitioner's first four claims.

## I.      First Four Ineffective-Assistance-of-Trial-Counsel Claims

It is undisputed that Petitioner did not raise his first four unexhausted claims in his initial

postconviction proceeding.  Therefore, Colo. R. Crim. P. 35(c)(3)(VI), which prohibits claims raised

and resolved in a prior petition, does not bar Petitioner's first four claims.[3]  However, Respondents assert that two other procedural rules potentially prohibit Petitioner from asserting his claims in state court: a three-year statute of limitations on postconviction petitions and a prohibition on petitions asserting claims that could have been brought in a prior application.  Answer 9.  The Court finds that neither of these procedural rules would clearly bar Petitioner from asserting his first four claims in a successive state petition.  After addressing an initial argument Petitioner asserts, the Court will analyze the application of these procedural rules in turn.

In Petitioner's Supplemental Brief, Petitioner first argues that the Court should not require him to exhaust state remedies, because the *Martinez* exception does not require exhaustion of ineffective-assistance-of-postconviction-counsel claims.  Pet'r's Suppl. Br. 1–2.  Petitioner apparently believes that by requiring him to return to state court, this Court would be asking him to exhaust his postconviction-counsel claims.  However, a finding that Petitioner must return to state court would be based on his failure to exhaust his trial-counsel claims, not his postconviction-counsel claims.  As explained in more detail below, Petitioner's postconviction-counsel claims are

---

[3]  Petitioner's Request for Rehearing lists a number of issues postconviction counsel would have presented to the state district court had it not missed a critical piece of evidence, some of which are the same or similar to those raised in Petitioner's Application.  Public Documents 440–41.  Additionally, Petitioner filed pro se motions during the pendency of his Rule 35(c) application alleging similar issues to those before this Court.  *See* Public Documents 237–53, 381–91. However, the Court does not believe the issues in these filings were "raised and resolved," as that term is used in Rule 35(c)(3)(VI).  The Request for Rehearing does not discuss the reasons why the stated errors constitute ineffective assistance of counsel.  Moreover, the district court and court of appeals did not rule on the merits of the claims in the Request for Rehearing or Petitioner's pro se motions.  *See generally Castille v. Peoples*, 489 U.S. 346, 351 (1989) (stating that presenting a claim in a "procedural context in which its merits will not be considered . . . does not, for the relevant purpose, constitute 'fair presentation'").  Therefore, unlike Petitioner's conflict-of-interest claim, Petitioner's other ineffective-assistance claims have not been raised and resolved in a previous postconviction proceeding.

only a mechanism to avoid Colorado's procedural bars and assert his unexhausted trial-counsel claims in state court. Therefore, the Court does not recommend holding that Petitioner must exhaust his postconviction-counsel claims, but only that these claims may allow Petitioner to establish an exception to Colorado procedural rules and assert his underlying trial-counsel claims in state court.

A.   Three-Year Statute of Limitations

Colo. Rev. Stat. § 16-5-402 provides that a defendant who has been convicted of a felony (other than a class 1 felony) may collaterally attack the validity of that conviction only within three years of the defendant's final direct appeal. *See People v. Hampton*, 876 P.2d 1236, 1239 (Colo. 1993) (holding that the statute of limitations does not run while direct appeals are pending). In the present case, Petitioner's direct appeals concluded on May 17, 2010, when the Colorado Supreme Court denied his Petition for Writ of Certiorari. Am. Appl. 3; ECF No. 20-6. Therefore, Section 16-5-402 would procedurally bar a successive petition in Colorado state court unless Petitioner could establish an exception to the statute of limitations.

Section 16-5-402(2)(d) contains an exception for cases where the petitioner can show "justifiable excuse or excusable neglect" for failing to seek relief within three years. In *Silva v. People*, the Colorado Supreme Court discussed this exception in the present context. 156 P.3d 1164 (Colo. 2007). The Colorado Court of Appeals had affirmed the district court's denial of the petitioner's initial Rule 35(c) application two weeks after the statute of limitations had expired. *Id.* at 1166. The petitioner then filed a second Rule 35(c) application, which alleged ineffective assistance of postconviction counsel. *Id.* at 1167. The district court denied the petitioner's application pursuant to the three-year statute of limitations. *Id.* The Colorado Court of Appeals and Supreme Court both held that the district court should have analyzed whether the defendant could

establish justifiable excuse for filing the application late. *Id.* at 1167. According to the Supreme Court, because the defendant could not assert his ineffective-assistance-of-postconviction-counsel claims until his postconviction proceedings concluded, the defendant may have been able to establish justifiable excuse for his late petition. *Id.* at 1170. Since *Silva*, the Colorado Court of Appeals has specifically held that "ineffective assistance of [postconviction] counsel can constitute justifiable excuse or excusable neglect" for a late Rule 35(c) application, because allegations of ineffective assistance of postconviction counsel are not proper until after the conclusion of the initial postconviction proceedings, which frequently take longer than the three-year statutory period. *People v. Valdez*, 178 P.3d 1269, 1278 (Colo. App. 2007); *see also People v. Chang*, 179 P.3d 240, 244 (Colo. App. 2007) ("[A] finding of ineffective assistance would satisfy defendant's obligation to establish justifiable excuse or excusable neglect to avoid the time bar contained in § 16-5-402."). Additionally, in *Espinoza v. Estep*, the Tenth Circuit recognized that under *Silva*, an applicant "could establish 'justifiable excuse or excusable neglect' for raising the issue after the statutory time period, as the issue of postconviction ineffective assistance of counsel could not have been raised before the court's order in [the applicant's] first postconviction motion." 276 F. App'x 781, 784–85 (10th Cir. 2008).

Based on this precedent, the Court recommends finding that the statute of limitations would not clearly bar a successive petition, because Petitioner could establish justifiable excuse for his late petition. The Colorado Court of Appeals issued its decision on Petitioner's postconviction appeal on June 19, 2014—over a year after the three-year time period lapsed. ECF No. 20-10, at 9. The court specifically declined to analyze Petitioner's arguments for rehearing, because they raised issues of ineffective assistance of postconviction counsel, which should not be decided until "*after*

*the conclusion of postconviction relief appeals.*" ECF No. 20-10, at 9 (quoting *People v. Clouse*, 74 P.3d 336, 341 (Colo. App. 2002)). Therefore, the Court of Appeals interpreted Petitioner's request for a rehearing as alleging ineffective assistance of postconviction counsel. Because ineffective-assistance-of-postconviction-counsel claims cannot be decided until after postconviction proceedings conclude, Petitioner's request for a rehearing was not ripe until at least a year after the statute of limitations expired. In accordance with *Silva*, this is likely sufficient to establish justifiable excuse for a late petition requesting a rehearing to determine Petitioner's unexhausted ineffective-assistance-of-trial-counsel claims.

Respondents argue in their Supplemental Brief that this Court should still determine whether Petitioner can satisfy the *Martinez* exception, because Petitioner will be able to demonstrate justifiable excuse for filing a late petition only if Petitioner can establish that his postconviction counsel was ineffective. Resp'ts' Suppl. Br. 4. If the Court finds that Petitioner satisfies *Martinez*, Respondents agree that Petitioner's claims are not clearly procedurally barred by the statute of limitations. *Id.*

First, by asking this Court determine whether Petitioner can satisfy the entire *Martinez* exception, Respondents' request is overbroad. To establish cause for procedural default under *Martinez*, a petitioner must show not only that his postconviction counsel was ineffective, but also that "the underlying ineffective-assistance-of-trial-counsel claim is a substantial one . . . ." *Martinez*, 132 S. Ct. at 1318. To establish justifiable excuse under *Silva*, the most a petitioner would have to show is that his initial postconviction proceedings ended after the three-year period, and that his postconviction counsel was ineffective. *Silva*, 156 P.3d at 1168–70. Therefore, ineffectiveness of postconviction counsel is the only portion of the *Martinez* exception a Colorado court would

11

possibly consider in analyzing justifiable excuse for a late petition.

Even assuming the state court would consider postconviction counsel's ineffectiveness as part of its procedural "justifiable excuse" analysis, Petitioner can likely establish this. Indeed, postconviction counsel admitted to the district court that she was ineffective:

> Undersigned counsel missed a critical piece of evidence, namely that the actual forensic evaluation of the gun seized from alternate suspect Derrick Moore, eliminated that gun as being the gun used to shoot the victim in this matter. Because counsel believed that the gun seized from Mr. Moore was the gun used to shoot the victim, counsel made certain strategic choices in pursuing Mr. Estes' Crim. P. 35(c) motion. As a result, counsel provided ineffective assistance and moves to withdraw.

Public Documents 438. Counsel then went on to explain the issues she would have raised if she had not missed this evidence. *Id.* at 440–42. In light of counsel's admission, it would be difficult for the state court to find that counsel provided effective assistance. Because Petitioner could not assert this argument until after the three-year statute of limitations expired, Section 16-5-402 does not clearly bar Petitioner from raising his unexhausted ineffective-assistance-of-trial-counsel claims in a successive Rule 35(c) petition. *See, e.g.*, *Castille v. Peoples*, 489 U.S. 346, 351 (1989) (stating that a claim is procedurally defaulted only "if it is clear that [the] claims are now procedurally barred under [state] law").

B.      Rule Against Successive Petitions

Respondents next assert that Rule 35's prohibition of successive petitions asserting claims that a petitioner could have previously brought bars Petitioner's remaining claim in state court.[4]

---

[4] Just as with Respondents' argument on the statute of limitations, Respondents agree that Colo R. Crim. P. 35(c)(3)(VII) does not bar the present claims if Petitioner's *Martinez* argument is meritorious. Resp'ts' Suppl. Br. 4 ("if – and only if – this Court finds Applicant's *Martinez* argument meritorious, it should also conclude that, for the same reason, his underlying trial-counsel claims are not 'clearly' procedurally barred in state court, because there is some arguable merit to the notion that he is entitled to a reinstated postconviction hearing.").

Answer 9.  Colo. R. Crim. P. 35(c)(3)(VII) provides:

> The Court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought except the following: (a) Any claim based on events that occurred after initiation of the defendant's prior appeal or postconviction proceeding; (b) Any claim based on evidence that could not have been discovered previously through the exercise of due diligence; (c) Any claim based on a new rule of constitutional law that was previously unavailable, if that rule should be applied retroactively to cases on collateral review; (d) Any claim that the sentencing court lacked subject matter jurisdiction; (e) Any claim where an objective factor, external to the defense and not attributable to the defendant, made raising the claim impracticable.

Because Petitioner could have asserted his ineffective-assistance-of-trial-counsel claims in his first postconviction petition, Rule 35(c)(3)(VII) would bar Petitioner's successive petition unless his claim falls under one of the exceptions.  There is little Colorado case law analyzing the five exceptions in the ineffective-assistance context.  However, based on the Colorado case law that does exist and the Colorado Court of Appeals' holding in Petitioner's first postconviction appeal, the Court recommends holding that two of the exceptions may apply.  The Court will analyze the two potentially applicable exceptions in turn.

First, Rule 35(c)(3)(VII) would not clearly bar Petitioner's subsequent motion, because Colorado courts could hold that Petitioner's successive Rule 35 motion is based on events that occurred after initiation of Petitioner's prior postconviction proceeding.  Petitioner's reason for not asserting his present ineffective-assistance claims is that his postconviction counsel failed to do so—an incident that occurred after the initiation of his first postconviction proceeding.  Therefore, it is not clear that Petitioner's subsequent Rule 35(c) petition would be based entirely on events happening before the initiation of his first petition.

Respondents argue Rule 35(c)(3)(VII)(a) excepts only "claims" based on events happening after initiation of the initial postconviction proceedings, and because the underlying claims are for

13

ineffective assistance of trial counsel, the exception does not apply.  Resp'ts' Suppl. Br. 3.

However, at least one Colorado court analyzing this issue in similar circumstances has not agreed

with this interpretation.  In *People v. Gutierrez-Ruiz*, the petitioner filed  a Rule 35(c) petition in

Colorado state court alleging ineffective assistance of trial counsel.  383 P.3d 44, 45 (Colo. App.

2014), *vacated on other grounds*, No. 14SC959, 2015 WL 5214591 (Colo. 2015).  After the trial

court denied his petition, he filed a claim in federal court under 28 U.S.C. § 2254, which the federal

district court denied as barred by the one-year limitations period.  *Id.*  The petitioner then filed a

successive Rule 35(c) petition alleging ineffective assistance of direct appellate counsel for failing

to advise him of the one-year limitations period.  *Id.* at 46.  The Court held that Rule 35(c)(3)(VII)(a)

did not procedurally bar the petitioner's claim, because "dismissal of the 28 U.S.C. section 2254

petition did not occur until after the first postconviction motion had been initiated and denied by the

trial court."[5]  *Id.* at 47 n.2.  Therefore, notwithstanding that the alleged ineffective assistance giving

rise to the claim happened before the defendant's first Rule 35(c) motion, the exception applied

because an event relevant to the claim (the denial of the habeas petition) happened after initiation

of the first postconviction motion.  Similarly, although the underlying ineffective assistance of trial

counsel happened before Petitioner's initial application, an event relevant to the claim

(postconviction counsel's ineffective assistance) happened after initiation of the claim.

Moreover, the Colorado Court of Appeals' holding on Petitioner's request for a rehearing

assumes that Petitioner would be able to file a successive Rule 35(c) petition. The court held that

---

[5] Although the court applied Rule 35(c)(3)(VII) to affirm the district court's dismissal of the petitioner's ineffective-assistance-of-trial-counsel claims, the petitioner did not claim that his initial postconviction counsel was ineffective. *Gutierrez-Ruiz*, 383 P.3d at 46–47.  Therefore, there was no event relevant to his trial-counsel claims that occurred after the initiation of his first postconviction petition.

Petitioner's request for a rehearing would not be proper until the conclusion of his initial postconviction proceeding, because it was based on ongoing events—the assistance of postconviction counsel. ECF No. 20-10. If Rule 35(c)(3)(VII) prohibited Petitioner from requesting a rehearing after the conclusion of his initial postconviction proceeding, Petitioner would be entirely barred from asserting ineffective assistance of postconviction counsel in Colorado state court. Colorado courts have not taken this approach. *See Valdez*, 178 P.3d at 1279–80 (analyzing whether postconviction counsel was ineffective and stating that the remedy for ineffective assistance of postconviction counsel is a new hearing on the merits); *People v. Russell*, 36 P.3d 92, 94–95 (Colo. App. 2001) (analyzing whether postconviction counsel was ineffective on appeal from the petitioner's second Rule 35(c) motion). Therefore, the Colorado Court of Appeals' holding, which contemplates the availability of a successive postconviction proceeding requesting a rehearing, at least makes it unclear whether Rule 35(c)(3)(VII) would bar Petitioner's successive petition.

In addition to the exception listed in Rule 35(c)(3)(VII)(a), this District has held in similar circumstances that the exception in Rule 35(c)(3)(VII)(e) for claims based on factors external to the defense may apply. *See Turman v. Miller*, No. 12-cv-01235-BNB, 2012 WL 3962819, at *3 (D. Colo. Sept. 11, 2012). In *Turman*, the petitioner filed his habeas application after a Colorado district court had previously denied his Rule 35(c) motion. *Id.* at *1. The petitioner's sole claim in his habeas application was for denial of due process, a claim he failed to assert on direct appeal or in his Rule 35(c) motion. *Id.* at *2. The petitioner argued that his appellate counsel was ineffective for failing to raise the claim. *Id.* at *3. The court held that the claim was not subject to anticipatory procedural default, because the petitioner may have been able to raise the claim in a successive postconviction proceeding. *Id.* According to the court, "it [was] not clear whether counsel's failure

to raise the claim might fall within the exception specified in Rule 35(c)(3)(VII)(e)" for claims based on an objective factor external to the defense and not attributable to the defendant. *Id.* Similarly, it is not clear whether postconviction counsel's failure to raise Petitioner's first four ineffective-assistance-of-trial-counsel claims might cause Petitioner's claims to fall within Rule 35(c)(3)(VII)(e).

In Petitioner's Supplemental Brief, he argues that Colorado courts would not consider the present claims, because he could have raised them in a successive petition he filed shortly after the district court ruled on his first petition, but before he appealed the district court's decision. Pet'r's Suppl. Br. 5. Petitioner asserts he did not raise the claims because of his mistaken belief that he could raise them on appeal of his first petition. *Id.* First, because Petitioner was represented by counsel at the time of his successive petition, it is not clear that the district court considered the petition proper. *See People v. Arko*, 159 P.3d 713, 718 (Colo. App. 2006) (finding that the trial court properly advised the defendant that he could not file pro se motions while he was represented by counsel), *rev'd on other grounds*, 183 P.3d 555 (Colo. 2008). Moreover, when to properly raise a claim is the exact type of error that counsel is assigned to prevent. Therefore, because Petitioner's failure to raise the claim in his successive petition was due to either the ineffectiveness of his postconviction counsel or his counsel's failure to assist him, the Court finds that Petitioner could potentially establish an exception to Rule 35(c)(3)(VII). This is especially true given that the appellate decision denying Petitioner the right to assert his claims on direct appeal was not decided until after he initiated his successive petition. *See Gutierrez-Ruiz*, 383 P.3d at 45 (holding that a petitioner's claim met the exception under Rule 35(c)(3)(VII)(a), because the decision denying him the right to assert his claims was not decided until after the petitioner filed his initial petition).

Additionally, Petitioner argues that requiring him to exhaust his claims in state court would be futile, because his first successive petition, which he filed on May 30, 2012, Public Documents 464–79, has not been addressed by the Colorado courts. Pet'r's Suppl. Br. 3–4. Petitioner is correct that an exception to the exhaustion requirement exists when "the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). However, the Court does not find that Colorado's process for postconviction review is so clearly deficient as to render a successive petition futile. First, Petitioner acknowledges that the district court did not have jurisdiction to rule on the successive petition, because the appeal on his initial petition was pending. Public Documents 549–50. Moreover, as stated above, Petitioner was still represented by counsel at the time of filing. Therefore, it is not clear that Colorado courts ever considered Petitioner's successive petition proper. Although the record does not contain a specific decision declining to hear Petitioner's successive motion, the Court is not willing to conclude that Colorado's postconviction proceedings are entirely deficient, merely because a court failed to rule on a petition over which it lacked jurisdiction at the time of filing. Because Petitioner's direct appeal of his initial Rule 35(c) petition is no longer pending, the Court does not believe that a newly-filed Rule 35(c) petition would be subject to inordinate delay.

In sum, it is not clear to the Court that Colorado procedural rules would bar Petitioner from asserting his unexhausted claims for ineffective assistance of trial counsel in state court. Although it is certainly possible that Colorado courts will not apply the exceptions listed in Rule 35(c)(3)(VII), anticipatory procedural default is proper only "if it is *clear* that [the] claims are now procedurally barred under [state] law." *Castille*, 489 U.S. at 351 (emphasis added); *see also Hawkins v. Champion*, 982 F.2d 528 (Table), 1992 WL 372598, at *3 (10th Cir. Dec. 18, 1992) ("[A] strong

17

argument could be made that [the petitioners'] claims are in fact exhausted.  But we do not choose to predict what the state courts will do in this case. . . . Perhaps the state courts may apply some exception to allow review.").

## II.    Conflict-of-Interest Claim

Petitioner's last ineffective-assistance claim alleges that his pretrial counsel was ineffective, because she acted under a conflict of interest.  Am. Appl. 17.  According to Petitioner, his pretrial counsel could not provide effective representation, because the Denver Public Defender's office concurrently represented Petitioner and an alternative suspect in Petitioner's case in an unrelated matter.  *Id.*  As stated above, it is undisputed that Petitioner did not exhaust this claim, as he did not present it to the Colorado Court of Appeals.   However, unlike Petitioner's first four claims, Petitioner made this argument in his initial postconviction motion, and the district court denied relief. Public Documents 314–17, 458.  Therefore, a different Colorado procedural rule would apply to default this claim.  Colo. R. Crim. P. 35(c)(3)(VI) requires a district court to "deny any claim that was raised and resolved in a prior appeal or postconviction proceeding . . . ."  The rule excepts only claims based on evidence that could not have been discovered previously and those based on a new rule of constitutional law.  *Id.*  Because the district court resolved the conflict-of-interest claim, and neither of the exceptions apply, Rule 35(c)(3)(VI) bars Colorado courts from considering this claim in a subsequent postconviction petition.[6]  Therefore, unlike Petitioner's first four claims, Petitioner's final claim is likely procedurally defaulted, and thus, technically exhausted.  *See Woodford v. Ngo*,

---

[6]  The exceptions under Rule 35(c)(3)(VII) that the Court finds could apply to Petitioner's first four claims are not included in Rule 35(c)(3)(VI).  Moreover, even they were, Petitioner does not argue that his postconviction counsel was ineffective for how she raised the claim or that his postconviction-appeals counsel was ineffective for not appealing the claim.

548 U.S. 81, 93 (2006) ("[I]f state-court remedies are no longer available . . . those remedies are technically exhausted . . . .").

Generally, a petitioner asserting a procedurally-defaulted claim would have to show "cause and prejudice" for the procedural default. *See, e.g.*, *Francis v. Henderson*, 425 U.S. 536, 543 (1976). However, in cases such as this, where a petitioner also asserts claims that are not procedurally defaulted, courts have two options. *See Snyder v. Ortiz*, 288 F. App'x 505, 508 (10th Cir. 2008). First, if the district court is convinced the application is patently without merit, the court can deny the entire petition. *Snyder*, 288 F. App'x at 508; 28 U.S.C. § 2254(b)(2). Alternatively, if the application may conceivably have merit, the court should require the petitioner to exhaust his claims in state court before bringing any of the claims in federal court, including those that are procedurally defaulted. *Id.*; *Rose*, 455 U.S. at 522; *Satar v. Everett*, No. 11-cv-02262-LTB-BNB, 2011 WL 5119041, at *7 (D. Colo. Oct. 28, 2011) ("Even if Respondents are correct that Mr. Satar has technically satisfied the exhaustion requirement for claims one and two through his procedural default, the Court cannot dismiss those claims as procedurally barred, which would operate as a decision on the merits, and also dismiss claim three for failure to exhaust state remedies."). Additionally, if the court requires exhaustion, but is concerned about the petitioner's ability to meet the Anti-Effective Death Penalty and Anti-terrorism Act 's one-year statute of limitations, the court has discretion to issue a stay of the petition for the duration of the petitioner's trip to state court. *Snyder*, 288 F. App'x at 508; *Rhines*, 544 U.S. at 277 (stating that a court can stay a habeas petition where the petitioner may be unable to satisfy the one-year statute of limitations upon returning to federal court).

Here, the Court finds it is not appropriate to consider the merits of the Application, because

it is not patently obvious that Petitioner's claims are meritless.  According to Petitioner, trial counsel failed to produce a potentially exculpatory witness, failed to present evidence that the prosecution's eyewitnesses identified other suspects, and failed to object or seek a limiting instruction to numerous instances of prior bad acts evidence, among other errors.  Am. Appl. 11–17.  Although it is possible that trial counsel failed to take some of these actions for strategic reasons, it is also possible that counsel mistakenly failed to take these actions.  Therefore, the Court does not find that the claims are patently without merit.  This is especially true given that Petitioner's postconviction counsel acknowledged she would have asserted some of these claims had she not missed a piece of evidence. Public Documents 438.  Although Colorado courts may ultimately reject Petitioner's claims, requiring Petitioner to exhaust his remedies serves the principles of federalism and comity in this case.  *See Rose*, 544 U.S. at 519–19 (noting that exhaustion serves the interests of comity and federalism).

Instead of dismissing Petitioner's Application without prejudice, the Court recommends staying the case pending Petitioner's exhaustion of his first four claims.  Respondents acknowledge that as of the time Petitioner filed his application on January 19, 2016, only twenty-five days had run against the one-year limitations period.  Resp'ts' PreAnswer Resp. 7, ECF No. 20.  However, "the filing of a petition for habeas corpus in federal court does not toll the statute of limitations." *Rhines*, 544 U.S. at 274–75.  Therefore, if the Court were to dismiss Petitioner's claims without prejudice and require Petitioner to re-file after exhausting his state remedies, the one-year statue of limitations would bar Petitioner from seeking future habeas review.  This is the precise scenario that the Supreme Court envisioned in *Rhines*.  Moreover, Petitioner failed to exhaust his claims because he believed they were procedurally defaulted, which was reasonable in light of the complexity of

the Court's discussion in Section I.  Therefore, the Court recommends issuing a stay in the present case to allow Petitioner the opportunity to assert his first four claims in state court, and then potentially return to federal court.

However, the Court finds that a reasonable time limit on the stay is appropriate.  As the Supreme Court recognized in *Rhines*, district courts should not issue indefinite stays.  544 U.S. at 278.  Instead, courts "should place reasonable time limits on a petitioner's trip to state court and back."  *Id.*  Therefore, consistent with *Rhines*, the Court recommends conditioning the stay on Petitioner's pursuit of state court remedies within thirty days, and on Petitioner's return to federal court within thirty days after state court exhaustion is complete.  *Id.*; *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001).

## CONCLUSION

In sum, the Court finds that Petitioner's first four ineffective-assistance-of-counsel claims are not procedurally defaulted, because it is not clear that Colorado law would bar Petitioner from asserting them in a subsequent postconviction petition.  Additionally, the Court finds it proper to issue a stay to allow Petitioner to exhaust his state court remedies, and then potentially return to federal court without running afoul of the one-year statute of limitations.  Therefore, the Court **recommends** that the Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [filed February 8, 2016; ECF No. 9] be **denied**, and that this case be **stayed** pending Petitioner's exhaustion of state court remedies.

Petitioner's Request for Oral Argument and for the Court to Appoint Counsel [filed December 30, 2016; ECF No. 70] is also before the Court.  In his Request, Petitioner contends that oral argument may be necessary for this Court's disposition of its report and recommendation.

Because this Court finds that oral argument is not necessary, Petitioner's Request for Oral Argument

is **denied without prejudice**.

Entered and dated at Denver, Colorado, this 20th day of January, 2017.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge