**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 16-cv-0141-WJM-MEH

JONATHAN N. ESTES,

    Petitioner,

v.

T. G. WERLICH,
M. D. CARVAJAL,
RICK RAEMISCH, and
CYNTHIA COFFMAN,

    Respondents.

---

**ORDER ADOPTING THE JANUARY 20, 2017 RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

---

This is an action for Writ of Habeas Corpus by Jonathan N. Estes ("Petitioner") pursuant to 28 U.S.C. § 2254. This matter is before the Court on the January 20, 2017 Recommendation by United States Magistrate Judge Michael E. Hegarty ("Recommendation," ECF No. 75) that Petitioner's Application for Writ of Habeas Corpus ("Application," ECF No. 9) be denied and stayed pending Petitioner's exhaustion of state court remedies. Rick Raemisch and Cynthia Coffman (collectively, "Respondents") filed an objection to the Recommendation (ECF No. 76), but later withdrew that objection (ECF No. 81). Petitioner also filed an objection to the Recommendation. ("Objection," ECF No. 78.) For the reasons set forth below, Petitioner's Objection is overruled, the Magistrate Judge's Recommendation is adopted, and Petitioner's Application is denied.

## I.  BACKGROUND

The facts relevant to a resolution of Petitioner's Application are detailed in the Recommendation.  (*See* ECF No. 75 at 2–5.)  Briefly, Petitioner, proceeding *pro se*, initiated this action by filing an Application on January 19, 2016, attacking the validity of his underlying state court conviction.  (ECF No. 1 (citing 28 U.S.C. § 2254).)

On February 10, 2006, a jury in the Denver District Court convicted Petitioner of attempted first degree murder and attempted aggravated robbery.  (State Court Docket.[1])  After Petitioner's direct appeals concluded on May 17, 2010, Petitioner filed a timely petition, *pro se*, for collateral review in state court under Colo. R. Crim. P. 35(c).  (ECF No. 39, Public Records at 288.)  Around the same time, Petitioner also filed a Rule 35(b) petition.  (*See* State Court Docket.)  The district court appointed counsel for Petitioner, who amended his Rule 35(c) petition and alleged ineffective assistance of trial counsel based on trial counsel's failure to introduce relevant evidence, conflict of interest, and failure to raise marital privilege.  (*Id*. at 311–12.)  After the district court held an evidentiary hearing, but while the Rule 35(c) petition was still pending, Petitioner filed a letter and supplemental pleading, which requested a supplemental evidentiary hearing on additional claims for ineffective assistance of trial counsel.  (*Id*. at 373–91.)  Petitioner asserted that he was entitled to a rehearing because his post-conviction counsel was ineffective for failing to raise his newly-asserted claims.  (*Id*.)

---

[1] The Court takes judicial notice of the docket in the state court action *People of the State of Colo. v. Jonathan Nathaniel Estes,* No. 2005CR674 (Denver Cnty., Colo. Dist. Ct. Feb. 18, 2005) ("State Court Docket").  *See Mid-S Iron Workers Welfare Plan v. Harmon*, 645 F. App'x 661, 665 (10th Cir. 2016) ("Courts may take judicial notice of proceedings in other courts . . . if those proceedings have a direct relation to the matters at issue").

On April 28, 2012, the district court denied Petitioner's Rule 35(c) petition and his request for a rehearing without analyzing the merits of Petitioner's ineffective assistance of post-conviction counsel claim. (*Id*. at 455–61.) Petitioner appealed to the Colorado Court of Appeals. (State Court Docket.)

On June 6, 2012, while that appeal was pending, Petitioner filed a successive Rule 35(c) petition with an accompanying supplemental letter. (State Court Docket.) On June 29, 2012, Senior Judge Frank Plaut issued a minute order noting that due to the appeal, the court lost jurisdiction to hear Petitioner's Rule 35(b) petition and any other pending motions (which may or may not have included consideration of his successive Rule 35(c) petition). (State Court Docket.[2])

On June 19, 2014, the Colorado Court of Appeals affirmed the district court's decision on the original Rule 35(c) petition, finding no error when the district court denied that petition, as well as when it denied his request for a rehearing because his request raised ineffective assistance of post-conviction counsel issues, which can only be determined after the conclusion of initial post-conviction relief proceedings. (ECF No. 20-10 at 10–11 (citing *People v. Clouse*, 74 P.3d 336, 341 (Colo. App. 2002) (noting that, in previous cases, ineffective assistance of post-conviction counsel claims were "either initiated or to be initiated after the conclusion of post-conviction relief

---

[2] On September 15, 2015, Petitioner sent a letter to Judge Carol Glowenski stating, "[a] notice of appeal had already been filed, pertaining to the 35(c) claims raised, and therefore, the 35(c) court did not have jurisdiction to rule upon the successive 35(c) petition concerning 35(c) counsels [*sic*] performance during post-conviction proceedings." (ECF No. 39, Public Records at 549.) However, after the appeal was completed, Judge Glowenski issued an order denying Petitioner's Rule 35(b) petition, but notably the order did not address his successive Rule 35(c) petition. (ECF No. 39, Public Records at 523–25.)

appeals" and recognizing "the impossibility of asserting ineffective post-conviction counsel claims until the conclusion of post-conviction proceedings")).)

The Colorado Supreme Court denied certiorari on February 9, 2015. (ECF No. 20-12 at 1.) Petitioner then filed the present action, asserting five claims for ineffective assistance of trial counsel: (1) failure to interview or call critical witnesses at trial, (2) failure to effectively cross examine witnesses' testimony and correct false testimony, (3) failure to object to prejudicial and inadmissible evidence or request a limited-purpose jury instruction, (4) failure to object when the prosecution did not present a witness it said would testify, and (5) pretrial counsel's conflict of interest stemming from the public defenders' concurrent representation of another suspect. (ECF No. 9 at 12–17.) In his Application, Petitioner notes that his present claims for ineffective assistance of trial counsel "were not presented to the states [*sic*] highest court due to errors caused by initial-collateral-review counsel." (*Id*. at 3.)

On March 31, 2016, Respondents filed an Answer asserting that Petitioner has not exhausted his claims in state court, and further, his claims are now procedurally defaulted. (ECF No. 47 at 8–9.) Specifically, Respondents contend that Petitioner's claims are procedurally barred by two provisions of Colorado law: (1) Colo. Rev. Stat. § 16-5-402, which establishes a three-year statute of limitations on felony post-conviction collateral attacks, and (2) Colo. R. Crim. P. 35(c)(3)(VII), which prohibits successive petitions asserting claims that could have previously been brought in a prior petition. (*Id*. at 9.)

On June 20, 2016, Petitioner replied agreeing that his claims have not been exhausted and are now procedurally defaulted; however, Petitioner contends that he

can establish "cause and prejudice" to excuse the default. (ECF No. 49.) Specifically, Petitioner claims that the actual innocence exception entitles him to review on the merits and, separately, that he can establish cause under *Martinez v. Ryan*, 566 U.S. 1, 17 (2012), because his ineffective assistance claims are substantial and his post-conviction counsel was ineffective. (*Id.* at 2–14.) Judge Hegarty then requested supplemental briefing on whether Colorado law would procedurally bar Petitioner from asserting his claims in a subsequent post-conviction proceeding in state court.

## II. LEGAL STANDARDS

### A. Standard of Review

When a magistrate judge issues a recommendation on a prisoner petition, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection to a recommendation is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Here, Petitioner filed a timely objection to Judge Hegarty's Recommendation. (*See* ECF No. 78.) Therefore, this Court reviews the issues before it *de novo*.

Further, in considering Judge Hegarty's Recommendation, the Court is also mindful of Petitioner's *pro se* status, and accordingly, reads his pleadings and filings

liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). The Court, however, cannot act as advocate for Petitioner, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1188 (10th Cir. 2003).

**B.     28 U.S.C. § 2254**

This Court may review an application for writ of habeas corpus "only on the ground that [an applicant] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state court judgements are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism." *Martinez*, 566 U.S. at 9. These rules include the doctrines of exhaustion and procedural default. *See Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Coleman v. Thompson*, 501 U.S. 722, 747–48 (1991).

An application cannot be granted unless it appears that the applicant has fully exhausted his available state remedies. 28 U.S.C. § 2254(b)(1). "The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose*, 455 U.S. at 518; *see also Anderson v. Sirmons*, 476 F.3d 1131, 1137 (10th Cir. 2007) (there is a "strong presumption in favor of requiring exhaustion of state remedies," thus federal

habeas courts should require exhaustion if available state remedies might exist). Generally, state remedies are not exhausted until the highest state court has had an opportunity to consider the merits of the claim. *See Pitchess v. Davis*, 421 U.S. 482, 487–88 (1975). However, in Colorado, "when a claim has been presented to the Court of Appeals *or* Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies." Colo. App. R. 51.1(a) (emphasis added).

If an applicant fails to exhaust available state remedies, a federal court should dismiss the application without prejudice so that the state remedies may be pursued. *Demarest v. Price*, 130 F.3d 922, 939 (10th Cir. 1997). The federal court, however, should first consider whether the applicant would be able to raise the unexhausted claims in the state court. *Id*. If the state court to which the applicant would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, the applicant's claims are procedurally defaulted for purposes of federal habeas relief. *See Coleman*, 501 U.S. at 735 n.1. Thus, under the doctrine of procedural default, a federal court will not review the merits of claims that a state court declined to hear (or would decline to hear) because the prisoner failed to abide by a state procedural rule, unless the petitioner can show "cause" for the default and actual "prejudice" as a result of the alleged violation of federal law. *See id*. at 747–50. The determination of cause and prejudice are matters of federal law. *See Demarest*, 130 F.3d at 941.

### III.  ANALYSIS

Judge Hegarty recommended that Petitioner's Application be denied and stayed pending Petitioner's exhaustion of state court remedies.  (ECF No. 75 at 21–22.)  Judge Hegarty made several findings to reach that recommendation.

First, Judge Hegarty found that the ineffective assistance of trial counsel claims now presented before this Court were not presented to the Colorado Court of Appeals, thus concluding that Petitioner had not exhausted his claims.  (*Id*. at 6–7.)

As for procedural default, Judge Hegarty found that "Colorado law would not clearly bar Petitioner from returning to state court to present his first four ineffective assistance claims."  (*Id*. at 7.)  Specifically, Judge Hegarty noted that there were applicable exceptions to both the statutory time bar, Colo. Rev. Stat. § 16-5-402, and Rule 35(c)'s prohibition on successive petitions.  (*Id*. at 8.)[3]  However, Judge Hegarty found Petitioner's fifth claim, which alleges conflict of interest of pre-trial counsel, "likely procedurally barred, and thus, technically exhausted."  (*Id*. at 7.)

---

[3] Judge Hegarty found that the three-year statute of limitations would not clearly bar a successive petition because Petitioner could likely establish "justifiable excuse" for his late petition.  (ECF No. 75 at 10 (citing *Silva v. People*, 156 P.3d 1164, 1167 (Colo. 2007) (holding that the district court should have analyzed whether the defendant could establish justifiable excuse for filing the successive Rule 35(c) petition late when the Colorado Court of Appeals affirmed defendant's initial Rule 35(c) petition after the statute of limitations had expired) and *People v. Valdez*, 178 P.3d 1239, 1278 (Colo. App. 2007) (holding that "ineffective assistance of [post-conviction] counsel can constitute justifiable excuse or excusable neglect" for a late 35(c) petition because allegations of ineffective assistance of post-conviction counsel are not proper until after the conclusion of the initial post-conviction proceedings, which frequently take longer than the three-year statutory period)).)  As for Rule 35(c)'s rule against successive petitions, Judge Hegarty found that "Colorado courts could hold that Petitioner's successive Rule 35 motion is based on events that occurred after initiation of Petitioner's prior post-conviction proceeding," thus the first narrow exception may apply.  To support his reasoning, Judge Hegarty noted that "Petitioner's reason for not asserting his present ineffective-assistance claims is that his post-conviction counsel failed to do so—an incident that occurred after the initiation of his first post-conviction proceeding."  (ECF No. 75 at 13.)

Judge Hegarty concluded that Petitioner's Application is a "mixed petition," meaning that it contains a mix of unexhausted and exhausted claims. (*Id*. at 7.) Thus, Judge Hegarty rightly concluded that the "Court may either dismiss the claim without prejudice or stay the case until Petitioner exhausts his first four claims." (*Id*. at 7 (citing *Rhines v. Weber*, 544 U.S. 269, 279 (2005)).) Because the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") is not tolled by the filing of a petition for habeas corpus in federal court, Judge Hegarty recommended "issuing a stay in the present case to allow Petitioner the opportunity to assert his first four claims in state court, and then potentially return to federal court," while conditioning the stay "on Petitioner's pursuit of state court remedies within thirty days, and on Petitioner's return to federal court within thirty days after state court exhaustion." (*Id*. at 20–21 (citing *Rhines*, 544 U.S. at 274–78 (courts "should place reasonable time limits on a petitioner's trip to state court and back")).)

Petitioner's Objection fails to address the majority of the findings or conclusions set forth in the Recommendation. Instead, Petitioner first objects to certain statements made by Judge Hegarty that were immaterial to his finding that Petitioner's first four claims are not clearly procedurally defaulted. (ECF No. 78 at 1–3.) Petitioner takes issue with Judge Hegarty's statement that "it is not clear that the district court considered the [successive Rule 35(c)] petition [, filed *pro se*,] proper" "because Petitioner was represented by counsel at the time" (ECF No. 75 at 16; ECF No. 78 at 1–2); as well as the statement that "Petitioner acknowledges that the district court did not have jurisdiction to rule on the successive petition, because the appeal on his initial petition was pending" (ECF No. 75 at 17 (citing ECF No. 39, Public Records at 549–50);

ECF No. 78 at 1–2). Petitioner also generally "objects to the Magistrate Judge's Recommendation that the applicant return to state court to file a successive rule 35(c)" petition, asserting that Judge Hegarty "fails to acknowledge that the Applicant has already filed a successive Rule 35(c) motion on May 30, 2012." (ECF No. 78 at 4.)[4]

First, the Court disagrees with the above assertion; Judge Hegarty fully acknowledged and thoroughly contemplated whether Petitioner has a successive Rule 35(c) petition pending. (*See* ECF No. 75 at 16–17.) The Court agrees with Judge Hegarty that it is unclear as to whether the successive petition remains pending, or if it was never properly filed and accepted due to the reasons noted by Judge Hegarty. (*See* State Court Docket.) Moreover, a determination as to whether or not a successive petition remains pending is immaterial to Judge Hegarty's recommendation that Petitioner exhaust his state court remedies. Petitioner could effectively exhaust his state court remedies by either filing a new successive Rule 35(c) petition or via revival of the pending one, if in fact it remains pending.

Petitioner also objects to Judge Hegarty's "failure to make a finding as to whether the applicant's successive 35(c) motion has been subject to an inordinate delay in state court proceedings." (ECF No. 78 at 3.) The Court finds that Judge Hegarty applied the correct legal authority in reviewing Petitioner's Application and briefing. Inordinate delay analysis would not have been proper under the circumstances, given that, as stated above, it is unclear to the Court whether Petitioner's Rule 35(c) successive petition remains pending. (State Court Docket.)

---

[4] The underlying state court docket reports that the successive Rule 35(c) petition was filed on June 5, 2012. (State Court Docket.)

Further, such analysis would have no impact on Judge Hegarty's finding that Petitioner's claims are not clearly procedurally defaulted.

Accordingly, Petitioner has failed to provide any grounds upon which the Objection can be sustained, and the Recommendation is adopted in full.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Petitioner's Objection (ECF No. 78) to the Magistrate Judge's Recommendation is OVERRULED;

2. The Magistrate Judge's Recommendation (ECF No. 75) is ADOPTED in its entirety as follows:

   a. Petitioner's Application for Writ of Habeas Corpus (ECF No. 9) is DENIED *without prejudice*; and

   b. All proceedings are STAYED until Petitioner has exhausted his state court remedies, provided that Petitioner presents his unexhausted claims to the state court within **thirty days from the date of this Order**;

   c. Petitioner is DIRECTED to return to this Court to request that the stay be lifted within **thirty days of exhausting his state court remedies**.

Dated this 6th day of March, 2017.

BY THE COURT:

_____
William J. Martínez
United States District Judge