IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 16-cv-0141-WJM-MEH

JONATHAN N. ESTES,

    Petitioner,

v.

T.G. WERLICH, Warden,
M.D. CARVAJAL, Complex Warden,
DEAN WILLIAMS, Director of D.D.O.C., and
PHILIP J. WEISER, Attorney General of the State of Colorado,

    Respondents.

---

**ORDER ADOPTING OCTOBER 22, 2021 AND DECEMBER 21, 2021
RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on United States Magistrate Judge Michael E. Hegarty's October 22, 2021 Report and Recommendation ("Recommendation 1") (ECF No. 175) that Petitioner Jonathan N. Estes's Letter asking the Court to excuse the statutory exhaustion requirement for claims one through four and lift the stay ("Motion to Excuse Exhaustion") (ECF No. 159) be denied as moot; and that Petitioner's Letter requesting leave to amend the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Amended Application") (ECF No. 9) to assert a new claim for relief and to add allegations in support of claim five ("Motion to Amend") (ECF No. 169) be granted in part and denied in part as follows: (1) the request to amend the Amended Application to assert an entirely new ineffective assistance of counsel claim should be denied based on undue delay; and (2) the request to add specified

allegations in support of claim five should be granted as the allegations were raised previously by Petitioner; and (3) the request to add new unspecified allegations in support of claim five should be denied. On November 9, 2021, Petitioner filed Petitioners [*sic*] Written Objections ("Objections") to Recommendation 1. (ECF No. 178.) Respondents did not file any objections.

Also before the Court is Judge Hegarty's December 21, 2021 Report and Recommendation (ECF No. 180) ("Recommendation 2")[1] that: claim five of the Amended Application be denied as procedurally defaulted, or, alternatively, on the merits; the Amended Application be dismissed with prejudice; and a certificate of appealability be denied because Petitioner has not made a substantial showing that jurists of reason would debate the correctness of this procedural ruling or that his constitutional rights were violated not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Fed. R. Governing Section 2254 Cases 11(a); *Slack v. McDaniel*, 529 U.S. 473, 483–85 (2000). The Court received no objections to Recommendation 2.

The Recommendations are incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). For the following reasons, the Objections are overruled, and the Recommendations are adopted in their entirety.

## I. BACKGROUND

The Court assumes the parties' familiarity with the facts and incorporates by reference the factual and procedural history contained in the Recommendations. (ECF No. 175 at 2–4; ECF No. 180 at 2–5.)

---

[1] The Court jointly refers to Recommendation 1 and Recommendation 2 as "Recommendations."

2

Petitioner initiated this action on January 19, 2016, by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (ECF No. 1.) He filed the Amended Application on February 8, 2016. (ECF No. 9.) The Amended Application asserted five claims for relief. Claims one through four were based on defense counsel's alleged ineffective assistance in failing: (1) to interview or call critical witnesses at trial; (2) to effectively cross examine witnesses' testimony and correct false testimony; (3) to object to prejudicial and inadmissible evidence or request a limited-purpose jury instruction; and (4) to object when the prosecution did not present a witness it said would testify. (*Id.* at 12–16.) In claim five, Petitioner maintains that pre-trial counsel labored under a conflict of interest stemming from the Denver Office of the Public Defender's ("DOPD") concurrent representation of an alternative suspect. (*Id.* at 17.)

Following a stay of this action to allow Petitioner an opportunity to exhaust claims one through four in state court, on January 26, 2021, Petitioner requested the dismissal of claims one through four of the Amended Application, and asked the Court to lift the stay so that he may proceed only on claim five (conflict of interest claim). (ECF No. 139.) On September 20, 2021, the Court adopted Judge Hegarty's recommendation that Petitioner's request be granted. (ECF No. 170.) The Amended Application was reinstated, claims one through four of the Amended Application were dismissed without prejudice, the stay order was lifted, and the case reopened. (*Id.*)

On July 13, 2021, Petitioner filed the Motion to Excuse Exhaustion, asking the Court to excuse the statutory exhaustion requirement for claims one through four, lift the

stay, and appoint counsel to represent him.  (ECF No. 159.)  On August 9, 2021, Petitioner filed the Motion to Amend, requesting leave to amend the Amended Application to assert a new claim for relief and to add additional allegations in support of claim five.  (ECF No. 169.)  In Recommendation 1, filed on October 22, 2021, Judge Hegarty recommended that the Court deny the Motion to Excuse Exhaustion as moot and that the Motion to Amend be granted in part and denied in part.  (ECF No. 175.)

On December 21, 2021, Judge Hegarty filed Recommendation 2, recommending that claim five of the Amended Application be denied as procedurally defaulted or, alternatively, on the merits, and that the Amended Application be dismissed with prejudice.  (ECF No. 180.)

## II. LEGAL STANDARDS

**A.    Review of a Magistrate Judge's Recommendation**

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."  Fed. R. Civ. P. 73(b)(3).  An objection to a recommendation is properly made if it is both timely and specific.  *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).  An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *Id.*  In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*

In the absence of a timely and specific objection, "the district court may review a magistrate [judge's] report under any standard it deems appropriate."  *Summers v. State*

4

*of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").

**B.     Review of a *Pro Se* Plaintiff's Pleadings**

The Court must construe a *pro se* plaintiff's pleadings "liberally"—that is, "to a less stringent standard than formal pleadings filed by lawyers." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). It is not, however, "the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Id.*; *see also Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) ("[W]e will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded.").

### III. ANALYSIS

**A.     Recommendation 1**

Petitioner makes two objections to Recommendation 1. (ECF No. 178 at 1.) First, Petitioner objects to Judge Hegarty's recommendation that the Court not permit Petitioner to add a new ineffective assistance of counsel claim premised on trial counsel's alleged failure to advise him of a five-year plea deal pursuant to which he would have received "18 months time served or been eligible for parole in less than 1 year." (ECF No. 175 at 5 (citing ECF No. 169 at 1).) In Recommendation 1, Judge Hegarty observed that "Petitioner fails to explain why he did not assert his new ineffective assistance of counsel claim in the Amended Application, or why he did not attempt to add the claim before this action was stayed." (*Id.* at 6.)

Specifically, in his Objections, Petitioner

5

> claims that during the time of the initial filing of this action and before the Court issued a stay order while his case returned to state court he had not known that he had tooken [*sic*] a 5 year plea deal he couldve [*sic*] been home in approximately 18 months with good behavior.  Further it wasnt [*sic*] intill [*sic*] his case was returned to state court (on remand by this Court) intill [*sic*] he was appointed effective counsel (Angla Cambell) who had discovered that trial counsel provided IAC during the plea process by failing to advice [*sic*] me of the benefits of the plea regarding my earliest release.  This issue was then raised in the state court on remand but denied by the state district court as time barred.  In addition, due to initial post conviction counsels [*sic*] ineffectiveness this claim was never raised in state court and therefore, I ask this court to allow a new claim of IAC be added to this action.

(*Id.* at 1–2.)

Petitioner's objection is merely a reiteration of the issues already before Judge Hegarty.  Petitioner does not identify a specific issue with Judge Hegarty's determination that Petitioner failed to offer an explanation for his delay in requesting leave to file a second amendment to his Application, and that the Motion to Amend to add a new claim be denied as untimely.  (ECF No. 175 at 6.)  Finding that Petitioner has failed to meaningfully object and finding no clear error in Judge Hegarty's analysis and conclusion, the Court overrules Petitioner's objection and adopts this portion of Recommendation 1.

Second, Petitioner objects to Judge Hegarty's recommendation that the request to add unspecified new allegations in support of claim five be denied.  (ECF No. 175 at 8.)  In claim five of the Amended Application, Petitioner asserts that pre-trial counsel, Cynthia Mares, a DPDO attorney, was laboring under an actual conflict of interest due to the DPDO's concurrent representation of alternate suspect Derrick Moore in an unrelated case.  (ECF No. 175 at 7 (citing ECF No. 9 at 17).)  Petitioner asserts that the

6

concurrent representation hindered Ms. Mares's pretrial investigation of his defense. *Id.*

Judge Hegarty explained in Recommendation 1 that Petitioner seeks to add new evidence to support the conflict of interest claim. (*Id.* (citing ECF No. 169 at 2).) To the extent Petitioner made certain allegations in support of his conflict of interest claim in his reply to Respondents' Pre-Answer Response, which Judge Hegarty acknowledged were already before the Court for consideration, Judge Hegarty recommended that Petitioner's request to amend his claim and add those allegations should be granted. (*Id.* at 8.) However, to the extent Petitioner seeks to amend claim five to include allegations that have not already been presented to the Court, Judge Hegarty explained that Petitioner "fails to identify what the new allegations are or how they support his conflict of interest claim," and therefore recommended that the request to add unspecified new allegations in support of claim five be denied. (*Id.*)

In his Objections, Petitioner titles this objection "Object to Add New Claim in Support of Claim Five."[2] (ECF No. 178 at 2.) Specifically, Petitioner states:

> The petition [*sic*] objects to the Court order denying him the oppertunity [*sic*] to add claims that support claim 5 such as: A) The DPDO dual representation of alternate suspect Anthony Barnes and B) the DPDO prior representation of a witness named Nennette Calhoun. The petitioner had no knowledge that his lawyers [*sic*] law firm had represented these people intill [*sic*] he returned to state court on remand.

(ECF No. 178 at 2.) Petitioner's objection suffers from similar flaws as his previous objection. In a conclusory manner, he objects to Judge Hegarty's recommendation that he be prohibited from adding unspecified new allegations in support of his claim.

---

[2] Construing this *pro se* Petitioner's language liberally, the Court interprets this objection to relate to Petitioner's request to add evidence or allegations in support of claim five, as opposed to his stated intent to add a new claim in support of claim five.

7

Petitioner then provides two allegations in support of claim five.

However, in the Tenth Circuit, "theories raised for the first time in objections to the magistrate judge's report are deemed waived." *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) (quoting *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996)). The proper time for Petitioner to specify what new allegations or evidence he wished to use to support claim five was in the briefing before Judge Hegarty. Instead, Petitioner waited until filing his Objections to specify what new evidence might support claim five. As explained above, the Court cannot consider new theories in objections which were not already before the Magistrate Judge. Therefore, the Court overrules Petitioner's objection and adopts this portion of Recommendation 1.

Finally, Judge Hegarty recommends that the Motion to Excuse Exhaustion be denied as moot. (ECF No. 175 at 8.) He notes that claims one through four were dismissed, and Petitioner did not file timely, written objections to the recommendation. (*Id.*) Petitioner does not object to this portion of Recommendation 1.

The Court concludes that Judge Hegarty's analysis was thorough and sound, and that there is no clear error on the face of the record. Therefore, the Court adopts this portion of Recommendation 1.

Given the foregoing, the Court will adopt Recommendation 1 in its entirety.

**B.      Recommendation 2**

In Recommendation 2, Judge Hegarty recommends that claim five of the Amended Application (ECF No. 9) be denied as procedurally defaulted, or, alternatively, on the merits; the Amended Application be dismissed with prejudice; and a certificate of appealability be denied because Petitioner has not made a substantial showing that jurists of reason would debate the correctness of this procedural ruling or that his

constitutional rights were violated not made a substantial showing of the denial of a constitutional right. (ECF No. 180 at 20 (citing 28 U.S.C. § 2253(c)(2); Fed. R. Governing Section 2254 Cases 11(a); *Slack*, 529 U.S. at 483–85).)

Recommendation 2 advised the parties that specific written objections were due within fourteen days after being served with a copy of the Recommendation. (ECF No. 180 at 1.) Recommendation 2 was entered on the Court's docket and a copy served on Petitioner on December 21, 2021. (ECF No. 180.) As of the date of this Order, no objections to Recommendation 2 have been received from any party.

The Court concludes that Judge Hegarty's analysis was thorough and sound, and that there is no clear error on the face of the record. *See* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see also Summers*, 927 F.2d at 1167 ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."). The Court agrees with Judge Hegarty that claim five should be denied as procedurally defaulted, and therefore, the Court need not reach the merits of claim five.

## IV. CONCLUSION

In accordance with the foregoing, the Court ORDERS as follows:

1. Petitioner's Objections (ECF No. 178) are OVERRULED;
2. Recommendation 1 (ECF No. 175) is ADOPTED in its entirety as follows:
   a. Petitioner's Letter asking the Court to excuse the statutory exhaustion requirement for claims one through four and lift the stay (ECF No. 159) is DENIED AS MOOT;

    b. Petitioner's Letter requesting leave to amend the Amended Application to assert a new claim for relief and to add allegations in support of claim five (ECF No. 169) is GRANTED IN PART AND DENIED IN PART as follows:

        i. The request to amend the Amended Application to assert an entirely new ineffective assistance of counsel claim is DENIED based on undue delay;

        ii. The request to add specified allegations in support of claim five is GRANTED, as the allegations were raised previously by Petitioner;

        iii. The request to add new unspecified allegations in support of claim five is DENIED;

3. Recommendation 2 (ECF No. 180) is ADOPTED in its entirety as follows:

    a. Claim five of the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 9) is DENIED as procedurally defaulted;

    b. The Amended Application is DISMISSED WITH PREJUDICE;

    c. A certificate of appealability is DENIED because Petitioner has not made a substantial showing that jurists of reason would debate the correctness of this procedural ruling or that his constitutional rights were violated not made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Fed. R. Governing Section 2254 Cases 11(a); *Slack v. McDaniel*, 529 U.S. 473, 483-85 (2000);

4. The Clerk shall enter judgment in favor of Respondents and against Petitioner Jonathan N. Estes;

5. Each party shall bear his own fees and costs;

6. The Clerk shall serve a copy of this Order on *pro se* Petitioner and file a Certificate of Service on the docket; and

7. The Clerk shall terminate this action.

Dated this 3rd day of February, 2022.

BY THE COURT:

_____
William J. Martinez
United States District Judge